IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RACHEL CELESTE LINAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Case No. CIV-23-789-PRW <br> MARTIN O'MALLEY, ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | |

## **ORDER**

This 42 U.S.C. § 405(g) action for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") is before the Court on Magistrate Judge Suzanne Mitchell's Report & Recommendation (Dkt. 23), entered on March 28, 2024. Plaintiff Rachel Celeste Linam's application for a period of disability and disability insurance benefits was denied initially and upon reconsideration by the SSA. Ms. Linam requested a hearing before an Administrative Law Judge ("ALJ"), who also denied her application. The SSA Appeals Council then denied Ms. Linam's request for review of the ALJ's decision.

In her complaint and brief before this Court, Ms. Linam alleges that the ALJ lacked sufficient evidence to make a disability determination and failed to fully develop the record by declining to order a consultative examination. Upon review of these arguments and the record, Magistrate Judge Mitchell concluded that the ALJ applied the correct legal

1

standards, and that his findings were supported by substantial evidence.[1] Ms. Linam timely objected to Judge Mitchell's Report & Recommendation (Dkt. 24). For the reasons set forth below, the Court now adopts the R&R (Dkt. 23) in full and affirms the SSA's decision.

### *Legal Standard*

Judicial review of the SSA Commissioner's decision is "limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."[2] Substantial evidence is "more than a scintilla, but less than a preponderance."[3] The reviewing court's role is not to "reweigh the evidence or substitute our judgment for the Commissioner's," but to determine "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases."[4]

### *Analysis*

The ALJ determined that Ms. Linam suffers from multiple severe impairments, including hypertension, adjustment disorder with mixed anxiety and depressed disorder, bipolar disorder, panic disorder with agoraphobia, major depressive disorder, PTSD, and

---

[1] *See Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177–78 (10th Cir. 2020).

[2] *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014) (citing *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). When the Appeals Council denies a claimant's request for review, the ALJ's decision becomes the final decision of the agency. 20 C.F.R. § 404.981.

[3] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

[4] *Id.* (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)).

generalized anxiety disorder.[5] The ALJ then determined that with these severe impairments, Ms. Linam has the residual functional capacity to perform medium work with limitations.[6] Next, the ALJ determined that Ms. Linam's residual functional capacity enables her to perform various jobs that exist in significant numbers in the economy, resulting in a conclusion that Ms. Linam is not disabled.[7]

Ms. Linam's appeal alleges two related errors on the part of the ALJ. Specifically, Ms. Linam asserts that the ALJ lacked substantial evidence in the record to make a disability determination, and because there was insufficient evidence in the record, the ALJ erred by declining to order physical and mental consultative examinations to further develop the record. In her Report and Recommendation (Dkt. 23), Judge Mitchell concluded that the ALJ's determination was supported by substantial evidence, and due to the substantial evidence in the record, the ALJ did not err by declining to order a consultative examination.

Ms. Linam's appeal centers around 20 C.F.R. § 404.1519a, which lists situations that may require a consultative examination. The regulation reads: "We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the Commission] to make a determination or decision on your claim."[8] The Tenth Circuit has held that an ALJ "has broad latitude in

---

[5] AR at 20.

[6] AR at 21.

[7] AR at 26–27.

[8] 20 C.F.R. § 404.1519a(b).

ordering consultative examinations."[9] However, "where there is a direct conflict in the medical evidence requiring resolution, or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim."[10] "But there is no need for a consultative examination when the ALJ has enough information to make a disability determination."[11]

As thoroughly detailed by Judge Mitchell, Ms. Linam's medical records span from August of 2018 to December of 2022, cataloging Ms. Linam's regular treatment visits for the impairments at issue.[12] Ms. Linam, her husband, and her mother submitted function reports.[13] Four agency reviewing consultants provided opinions, two at the initial level and two at the reconsideration level.[14] Ms. Linam and a vocational expert provided testimony.[15] This evidence as a whole was not insufficient for the ALJ to make his determination, nor did it suggest that any of Ms. Linam's impairments required further investigation.[16]

---

[9] *Hawkins v. Chater*, 113 F.3d 1162, 1166 (citing *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990)).

[10] *Id.* (internal citations omitted).

[11] *Jazvin v. Colvin*, 659 F. App'x 487, 490 (10th Cir. 2016) (unpublished) (citing *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008)). See *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

[12] *See* AR at 341–579.

[13] AR at 273–298.

[14] AR at 72–90, 94–102.

[15] AR at 41–64, 64–70.

[16] *See Jazvin*, 659 F. App'x at 490–91; *Howard*, 379 F.3d at 949 ("Nothing in claimant's arguments on appeal or the medical record as a whole suggests that claimant's [conditions] required further investigation before an ALJ could determine what functional limitations, if any, existed as a result of these conditions.").

Ms. Linam heavily relies on a decision out of the Eastern District of Oklahoma, *Mathews v. Berryhill*,[17] for her contention that the ALJ was required to order a consultative examination. But in *Mathews*, "[t]he overall medical record [was] sparse."[18] That is not the situation here, as detailed above. And while Ms. Linam's attorney did request a consultative examination both prior to and during the hearing, the ALJ was within his discretion to decline one based on the sufficient evidence in the record.[19] Notably, "the ALJ, not a physician, is charged with determining a claimant's [residual functional capacity] from the medical record."[20] So here, where the record contained sufficient evidence for the ALJ to make his determination, and that evidence was not inconclusive, there was no need for a consultative examination.[21]

Further, there was no direct conflict in the record necessitating an examination. Ms. Linam argues that because the severity ratings for her mental conditions fluctuated during the course of her treatment, a consultative examination was required to resolve this conflict. But as noted by Judge Mitchell, this is not the type of situation where there is a direct conflict in the evidence. Rather, these fluctuations are consistent with Ms. Linam's medical

---

[17] *Mathews v. Berryhill*, No. CIV-15-411-KEW, 2018 WL 2048337, at *1 (E.D. Okla. Apr. 30, 2018).

[18] *Mathews v. Berryhill*, No. CIV-15-411-KEW, 2017 WL 1194660, at *3 (E.D. Okla. Mar. 31, 2017).

[19] AR at 17. *See Diaz*, 898 F.2d at 778.

[20] *Howard*, 379 F.3d at 949 (citations omitted). *See* 20 C.F.R. § 404.1546.

[21] *See Jazvin*, 659 F. App'x at 490; *Cowan*, 552 F.3d at 1187.

records, indicating the changes in her condition throughout treatment and medication.[22] And after concluding that Ms. Linam does suffer from multiple severe impairments, the ALJ took these fluctuations into account when weighing the evidence and determining that Ms. Linam was better suited for unskilled work rather and semi-skilled work as recommended by the mental state agency consultants.[23] This is not the type of direct conflict, such as overlooking evidence of an impairment, that necessitates a consultative examination to explain.[24]

The SSA acknowledged in its Response that there is some conflicting evidence, but this appears to be regarding Ms. Linam's medical record and the opinions of the state agency consultants on the type of work Ms. Linam can perform with her impairments.[25] And as argued by the SSA, this conflict was resolved by the ALJ, when he found Dr. Carey's opinion that Ms. Linam's physical impairment is non-severe unpersuasive, and determined that Ms. Linam was better suited for unskilled work rather than semi-skilled work despite the two mental state agency consultants' opinions.[26] Thus, no consultative examination was required on the basis of this conflict, either.

---

[22] AR at 47–51, 59–60, 62–63, 342, 347, 353–54, 360–61, 368, 373–74, 385, 390, 396, 412, 416, 421, 450, 460, 465, 478, 483, 496, 501, 507.

[23] AR at 22–24.

[24] *See Hawkins*, 113 F.3d at 1169 (remanding for consultative examination when ALJ disregarded evidence in the record indicating the possibility of a severe impairment).

[25] SSA Resp. (Dkt. 21), at 9.

[26] AR at 26–27.

Ms. Linam next argues that the ALJ's decision is not supported by substantial evidence. After concluding that Ms. Linam suffers from multiple severe impairments, the ALJ determined that Ms. Linam's impairments do not preclude all work activity.[27] The ALJ supported this conclusion with Ms. Linam's medical records, which reflect consistent normal mental status evaluations; records reflecting that Ms. Linam's mood and difficulty sleeping had improved with medication; her function report indicating that she goes to the gym regularly; and the four vacations that she took with her family via car and plane.[28] Ultimately, this led the ALJ to conclude that while Ms. Linam suffers from severe impairments, she retains the ability to perform unskilled medium work and therefore is not disabled.[29] This determination is supported by substantial evidence in the record.[30]

Finally, Ms. Linam did not object to the portion of Judge Mitchell's Report and Recommendation regarding the ALJ's decision not to order a physical consultative examination. And upon review, the Court finds that Judge Mitchell conducted a thorough and well-reasoned analysis. The ALJ's decision not to order a physical consultative examination is likewise supported by substantial evidence in the record.

---

[27] AR at 25.

[28] AR at 25.

[29] AR at 26-27.

[30] *See* AR at 44–47, 277, 342, 367–68, 376, 385, 388, 390, 393, 406, 409, 412, 460, 478, 496, 501, 507, 556, 568, 576

*Conclusion*

Having reviewed the Report & Recommendation (Dkt. 23) *de novo*, the Court agrees with the conclusions therein that the ALJ's determinations are supported by substantial evidence and the ALJ applied the correct legal standards. For the reasons explained above, the Court finds no merit to Ms. Linam's objections. Accordingly, the Court **ADOPTS** Magistrate Judge Mitchell's Report & Recommendation (Dkt. 23) in its entirety and **AFFIRMS** the decision of the Commissioner. A judgment shall be issued following this Order.

**IT IS SO ORDERED** this 25th day of September 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE